UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SAED ABDELRAHMAN,                      :
                                       :
        Petitioner,                    :      No. 4:CV-05-1916
                                       :
   vs.                                 :      Petition Filed 9/22/05
                                       :
BUREAU OF IMMIGRATION AND CUSTOMS  :          (Judge Muir)
ENFORCEMENT'S INTERIM FIELD OFFICE :
DIRECTOR FOR DETENTION AND REMOVAL :
FOR THE MIDDLE DISTRICT OF             :
PENNSYLVANIA,                          :
                                       :
        Respondent                     :

## ORDER

December 7, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 22, 2005, Saed Abdelrahman, an inmate in the
custody of the Immigration and Naturalization Service (hereinafter
"INS"), filed a document which we construed to be a petition for
writ of habeas corpus pursuant to 28 U.S.C. § 2241.  By order dated
September 23, 2005, we established the briefing schedule on
Abdelrahman's petition.  The government timely filed its opposition
brief on November 3, 2005.  After obtaining an extension of time in
which to do so, Abdelrahman timely filed his reply brief on
December 5, 2005.  His habeas corpus petition is ripe for
disposition.

Abdelrahman is a citizen of the Palestinian Territories.  On
October 11, 2001, he was convicted in the United States District

Court for the Southern District of New York of conspiracy to

distribute Pseudoephedrine in violation of 21 U.S.C. §§ 802(34)(K)

and 841(g)(1).  After completing his 60-month sentence, on April

11, 2005, Abdelrahman was taken into custody by the Bureau of

Immigration and Customs Enforcement pursuant to a final order of

removal which he does not contest.

The only claim in Abdelrahman's habeas petition is that his

continued detention pending removal from this country is illegal.

Abdelrahman argues that his continued detention by the Bureau of

Immigration and Customs Enforcement beyond 90 days "was unwarranted

[and] violated due process and the department's own policy."

(Habeas Petition, p. 2)  He also contends that any period of

detention beyond 90 days is invalid. (Id.)

The United States Supreme Court has held that the Bureau of

Immigration and Customs Enforcement is required to address the

likelihood of one's deportation or removal only after an initial 6-

month period of detention. See Zadvydas v. Davis, 533 U.S. 678,

701, 121 S. Ct. 2491 (2001)(detention of six months presumed

reasonable).  The Court further explained that

> [a]fter this 6-month period, once the alien provides good
> reason to believe that there is no significant likelihood of
> removal in the reasonably foreseeable future, the Government
> must respond with evidence sufficient to rebut that showing.
> And for detention to remain reasonable, as the period of prior
> postremoval confinement grows, what counts as the "reasonably
> foreseeable future" conversely would have to shrink. This 6-
> month presumption, of course, does not mean that every alien

not removed must be released after six months. To the
contrary, an alien may be held in confinement until it has
been determined that there is no significant likelihood of
removal in the reasonably foreseeable future.

Id., 533 U.S. at 702, 121 S. Ct. at 2505.

Abdelrahman was taken into INS custody on April 11, 2005.  The
presumptively reasonable 6-month period apparently expired on
October 11, 2005.  On April 11, 2005, and again on September 19,
2005, the government requested travel documents from Israel to
allow Abdelrahman to be removed from the United States.  The
government contends that "[w]ith Petitioner's travel documents
forthcoming from Israel, there is a significant likelihood he will
be removed in the reasonable foreseeable future." (Opposition
brief, p. 6)

In his reply brief, Abdelrahman states that he has done
everything possible to facilitate his removal and has been

> calling his consulate on a weekly basis, since beginning of
> July 2005, ....  The consular representative reiterated the
> same information Petitioner has been hearing from day one: **No
> travel documents are available**; and on one occasion she stated
> that it takes 3-4 months to acquire travel documents and that
> sometimes they issue Palestinians travel documents and
> sometimes they don't.

(Reply brief, p. 2)(Emphasis in original)

The fundamental basis of Abdelrahman's argument appears to be
that his removal is unlikely simply because it has not occurred to
this point.  We do not agree that the delay to this point relates

in any manner to the likelihood of his removal in the foreseeable future.

Abdelrahman's more significant contention is that "sometimes [the authorities] issue Palestinians travel documents and sometimes they don't."  However, in the absence of more details concerning which Palestinians are denied the documents, and a showing that Abdelrahman is considered to be such a Palestinian, Abdelrahman has not met his burden of establishing that his removal will be unreasonably delayed or will not occur.

Based on the facts presented to us, we are of the view that Abdelrahman has failed to present any "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 702, 121 S. Ct. 2491, 2502 (2001).  We will deny his habeas petition without prejudice to his right to reassert his claim if his removal is unreasonably delayed.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   Abdelrahman's petition for writ of habeas corpus

(Document 1) is denied without prejudice.

2.    The Clerk of Court shall close this file.



                                        s/Malcolm Muir
                                        MUIR, U. S. District Judge

MM:ga